UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| 4 Glock and 1 Beretta Firearms | § | |
| | § | |
| Defendants, | § | |

## VERIFIED COMPLAINT FOR CIVIL FORFEITURE
## IN REM AND NOTICE TO POTENTIAL CLAIMANTS

The United States of America, Plaintiff, files this action for forfeiture *in rem* against the Defendant Property. The United States alleges on information and belief as follows:

*Jurisdiction and Venue*

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1355 and 1395. Venue is proper because the Defendant Property were found and seized in the Southern District of Texas.

2. Defendants *in rem* are four (4) Glock and one (1) Beretta firearms seized from Bruce Gregory CALVERT ("CALVERT") following a vehicle stop in Houston, Texas on January 17, 2023. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a) and (b).

*The Defendant Property*

3. The Defendant Property are five (5) firearms seized from CALVERT on January 17, 2023 following a vehicle stop in Houston. Specifically, they are:

(1) Glock GMBH 19 Pistol, Cal: 9; Serial No. BSWW748;

(2) Glock GMBH 45 Pistol, Cal: 9; Serial No. BSNC175;

(3) Beretta USA Corp 950 BS Pistol, Cal: 25; Serial No. BU32025V;

1

(4) Glock GMBH 23 Pistol, Cal: 40; Serial No. BUSN975; and

(5) Glock Inc 22 Pistol, Cal: 40; Serial No. AESM656.

(collectively, the "Defendant Property").

*Statutory Basis for Forfeiture*

4. This is a civil forfeiture action *in rem* pursuant to 18 U.S.C. §§ 924(d)(1) and 981(a)(1)(C). 18 U.S.C. § 924(d)(1) provides for the forfeiture of any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. §§ 922(a)(1)(A) and (a)(6). 18 U.S.C. § 981(a)(1)(C) provides for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to any knowing violation of 18 U.S.C. § 924(n).

5. Under 18 U.S.C. § 922(a)(1)(A), it is unlawful for any person, except a licensed dealer, to engage in the business of dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce.

6. Under 18 U.S.C. § 922(a)(6), it is unlawful for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed dealer to knowingly make any false or fictitious statement intended or likely to deceive such dealer with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of 18 U.S.C. Chapter 44 (the "Gun Control Act").

7. Under 18 U.S.C. § 924(n), it is unlawful for any person who, with the intent to engage in conduct that constitutes a violation of 18 U.S.C. § 922(a)(1)(A), to travel from any state or foreign country into any other state and acquires, or attempts to acquire, a firearm in such other state in furtherance of such purpose.

*Factual Basis*

8. In early 2023, The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) received information from more than three dozen multiple sales reports that CALVERT had purchased approximately one-hundred and fourteen (114) firearms from on or about March 29, 2022 through December 30, 2022. Many of these firearms were of the same make and model handguns. One of these firearms purchased by CALVERT, a Ruger LCP .380 ACP pistol, was recovered in New York City on October 11, 2022 from an undocumented alien, a person prohibited from possessing any firearm; the time-to-crime (the time between when the firearm was purchased and when the firearm was recovered in an incident) was sixty-three (63) days. Another firearm purchased by CALVERT, a Taurus G2C 9mm pistol, was recovered in Suffolk County, Long Island, NY, on December 9, 2022 from a convicted felon, a person prohibited from possessing any firearm; the time-to-crime of that pistol was eleven (11) days.

9. On or about January 13, 2023, ATF SA Christopher Gallien received information that CALVERT purchased additional thirteen (13) firearms from on or about January 4 to January 12, 2023 from a Federal Firearms Licensee ("FFL") in Pasadena, Texas.

10. On January 17, 2023, SA Gallien and other SAs interviewed an employee at the aforementioned Pasadena FFL. The employee stated that CALVERT came into the shop often and is known by all of the employees at the FFL. The employee further stated that CALVERT was going to be back at the FFL around 5pm on that day to purchase more firearms.

11. At approximately 5:07pm on January 17, 2023, ATF SAs observed CALVERT arriving at the aforementioned Pasadena FFL in a silver two-door Honda Civic with Texas license plate ending in 2438. ATF SAs further observed that upon arrival, CALVERT entered the FFL and purchased multiple firearms. At approximately 5:50pm, CALVERT was observed exiting the FFL with firearms and placed those firearms in the trunk of his vehicle. ATF SAs observed

CALVERT taking one of the firearms out the trunk, which CALVERT then placed it in the front seat of his vehicle. CALVERT then drove away, and ATF SAs followed.

12. Continuing their surveillance, ATF SAs followed CALVERT from the aforementioned Pasadena FFL to a parking lot at 235 FM-1960 E in Houston, TX. At approximately 7:15pm on January 17, 2023, ATF SAs observed a white Chevrolet Tahoe pulling into the parking lot and parked next to CALVERT's vehicle. ATF SAs observed both CALVERT and the driver of the Tahoe exit their vehicles and conduct an exchange, after which both individuals went inside their vehicles, at which time ATF SAs approached both vehicles and interviewed CALVERT and the driver of the Tahoe.

13. The Tahoe driver, later identified to be E.A., informed ATF SAs that he was meeting up with CALVERT to purchase a firearm pursuant to an arrangement made online in conjunction with E.A.'s girlfriend. E.A. stated that the meeting was arranged via a website called "Houston Gun Trader", and that CALVERT had multiple firearms listed on the website. E.A. stated that that his girlfriend had talked to CALVERT and asked E.A. to come make the purchase from CALVERT because she was at work. E.A. consented to a search of his vehicle, and ATF SAs found a Taurus Model G2C, chambered in 9mm, Serial number ABD501289, with a magazine and a 100-round box of Winchester 9mm luger ammunition in the vehicle's center console. E.A. stated that he paid $350 for the Taurus handgun.

14. ATF SAs asked E.A. to place a call to his girlfriend, M.M. and interviewed M.M. over the phone. M.M. stated that she found CALVERT's firearm listings on Houston Gun Trader website and messaged CALVERT from her computer to make the purchase. Due to her having to work and CALVERT not wanting to meet later in the evening, she asked E.A. to complete the purchase for her.

15. CALVERT informed SA Gallien that he was at the location to meet with E.A. to sell a firearm, and that he advertised and sold firearms on Houston Gun Trader website. CALVERT further stated that he had just left work for the day at 6:00pm to meet with E.A. to sell the firearm, and that the additional five (5) firearms (Defendant Property) were for sale and were for personal use. From continuous surveillance from the Pasadena FFL, SA Gallien knew that CALVERT did not directly leave from work to meet with E.A., but rather had made the trip straight from the Pasadena FFL from where CALERT bought the Taurus pistol that he sold to E.A. and was recovered from the center console of E.A.'s vehicle.

16. ATF SAs recovered the Defendant Property from the trunk of CALVERT's vehicle. ATF SAs confirmed with Pasadena FFL that the Defendant Property and the Taurus pistol that E.A. bought from CALVERT for M.M. were purchased by CALVERT in the early evening hours on January 17, 2023.

17. On January 18, 2023, CALVERT was contacted and re-interviewed by ATF SAs. CALVERT could not recall exactly how many firearms he currently owns, but stated it was approximately twenty (20). CALVERT acknowledged that he advertised firearms for sale on Houston Gun Trader, but that the firearms were his. CALVERT denied engaging in the business or making a profit from the firearms. CALVERT also stated that he did not purchase the firearm seized from E.A. for M.M. but instead purchased the firearm for himself and then decided to sell it to M.M.

18. ATF SAs learned from the Pasadena FFL that CALVERT had purchased the Taurus pistol that he sold to E.A. for $184.76 earlier on the same day. Since E.A. paid CALVERT $350 for the Taurus pistol, CALVERT had made a profit of over $100 for selling the firearm.

5

19.     SA Gallien ran a check in ATF database and discovered that CALVERT was not registered as an FFL.

*Conclusion*

20.     The Defendant Property are subject to forfeiture because they were involved in a knowing violation of 18 U.S.C. §§ 922(a)(1)(A), (a)(6), and/or 924(n).

*Notice to Any Potential Claimants*

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance of Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the verified claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, either electronically or at the United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002. A copy must be served upon the undersigned Assistant United States Attorney at the United States Attorney's Office, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

*Requested Relief*

Wherefore, the United States of America requests that judgement of forfeiture be entered against Defendant Properties in favor of the United States of America under 18 U.S.C. § 924(d)(1) and 981(a)(1)(C) in addition to such costs and other relief to which the United States of America may be entitled.

Respectfully submitted,

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

By: *s/ Yifei Zheng*

YIFEI ZHENG
Assistant United States Attorney
Southern District of Texas No: 3328108
New York State Bar No: 5424957
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Tel. (713) 567-9547

*Verification*

I, Christopher Gallien, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the forgoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs eight through nineteen of the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation. Those facts are true and correct to the best of my knowledge and belief.

Executed on May 22, 2023.

*CM LL /SA GALLIEN*
Christopher Gallien
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives